Filed 11/12/15  P. v. Rogers CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>TYRONE ROGERS,<br><br>     Defendant and Appellant. | D068182<br><br><br><br>(Super. Ct. No. SCD106382) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Laura R. Sheppard for Defendant and Appellant.

No appearance for Respondent.

In 1994, Tyrone Rogers was convicted by a jury of two counts of first degree residential burglary (Pen. Code,[1] § 459).  He was ultimately sentenced to a term of four years in prison.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

In 2015, while serving a prison sentence for a different offense, Rogers filed a petition for writ of habeas corpus in this case, seeking among other relief, the recall of his burglary sentences pursuant to Proposition 47 (§ 1170.18). The trial court deemed the petition for writ of habeas corpus to be a petition to recall the sentences under section 1170.18. The court entered a written order denying the petition to recall the sentences. Rogers filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has been unable to identify any reasonable arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Rogers the opportunity to file his own brief on appeal.[2]

Rogers has filed a supplemental brief, in which he seeks habeas relief from his 1994 convictions. His brief does not address any issue regarding the denial of his Proposition 47 petition. We will discuss Rogers's brief further below.

## DISCUSSION

As we have noted, counsel has asked this court to review the record for error as mandated by *Wende, supra,* 25 Cal.3d 436. To assist the court in its review of the record, counsel has indicated the following possible, but not arguable issues, consistent with the requirements of *Anders v. California* (1967 386 U.S. 738 (*Anders*):

1. Whether the trial court erred in treating Rogers's petition for writ of habeas corpus as a petition to recall the sentences under section 1170.18?

---

2    The facts underlying the 1994 conviction are not relevant to any possible issue on this appeal. Accordingly we will not set forth a statement of facts.

2

2. Whether the trial court abused its discretion in denying relief under section 1170.18?

3. Whether Rogers's convictions for first degree residential burglary are subject to resentencing under Proposition 47?

In his supplemental brief, Rogers claims various errors occurred in his 1994 trial. The brief appears to be a petition for writ of habeas corpus relief. Rogers has not filed this petition for writ of habeas corpus in the trial court, nor has he filed an original proceeding in this court. His remedy, if any, regarding his 1994 conviction lies in a petition for writ of habeas corpus filed in the San Diego Superior Court.

We have reviewed the entire record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. Our review has not disclosed any reasonably arguable issues for reversal on appeal. Competent counsel has represented Rogers on this appeal.

## DISPOSITION

The order denying the petition to recall the sentences under section 1170.18 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

3